UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

VILLAGE FARMS, L.P.,

                              **Plaintiff,**                              **OPINION & ORDER**

                           -against-                                  20-cv-2701 (NG)(CLP)

JACOB'S VILLAGE FARM CORP.,

                              **Defendant.**

------------------------------------------------------------ x

**GERSHON, United States District Judge:**

      Plaintiff, Village Farms, L.P., is a grower of fresh fruits and vegetables in the United States. Defendant, Jacob's Village Farm Corp., is a produce distributor in New York State. The complaint asserts claims of federal trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*; common law trademark infringement and unfair competition; and injury to business reputation and deceptive practices in violation of the New York General Business Law, all based upon the inclusion of "Village Farm" in defendant's business name and marks.

      Before the court is defendant's motion to dismiss the complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) on the basis that plaintiff lacks standing to assert a Lanham Act violation, and for failure to state a claim under Rule 12(b)(6) on the basis that plaintiff has failed to sufficiently allege a likelihood of confusion of the marks in question. Defendant also seeks dismissal pursuant to Rule 12(b)(6) based upon the affirmative defenses of laches and equitable estoppel, founded upon what defendant claims was a prejudicial delay in plaintiff's assertion of its claims. As to plaintiff's state law claims, defendant asks the court not to exercise supplemental jurisdiction over them, if it dismisses the federal claims. For

the reasons that follow, defendant's motion is denied. Since the federal claims survive and plaintiff makes no challenge to the viability of the state law claims, I do not address the state law claims in this opinion.

### I. Factual Background

The following facts are drawn from the complaint and are assumed to be true for purposes of this motion.

Plaintiff sells fresh produce throughout the country, including in the State of New York, using several Village Farms marks, including, but not limited to, "Village Farms" (Reg. No. 1704348) and "Village Farms Greenhouse Grown" (Reg. No. 4227034) (collectively, the "Village Farms Marks"). Plaintiff owns the Village Farms Marks and has registered them with the United States Patent & Trademark Office. Plaintiff began using the Village Farms Marks in connection with its fresh produce in 1991 and alleges that it has spent substantial time, effort, and expense to develop and protect the value of its trademarks. Thanks to these efforts, plaintiff alleges, the Village Farms Marks have become distinctive and are widely recognized by consumers as source identifiers of its fresh produce.

Defendant is a distributor of fresh fruits and vegetables in New York. At some point, and without plaintiff's authorization, it began using the business names and marks "Jacob's Village Farm Corp." and "Jacob's Village Farm" to sell its fresh produce. Plaintiff alleges that defendant intentionally adopted these marks with full knowledge of plaintiff's Village Farms Marks and to capitalize on plaintiff's reputation and goodwill in the fresh produce market.

The complaint alleges that defendant's use of "Village Farm" is confusingly similar to plaintiff's Village Farms Marks. In support of this assessment, plaintiff points out that the marks both include the phrase "Village Farm," are used in connection with the same goods—fresh

produce—and that the marks reach the same consumers. From these similarities, plaintiff claims that reasonable consumers may believe mistakenly that defendant's products are sponsored, authorized, or approved by plaintiff, and there is a likelihood that consumers will be confused as to the source of the fresh produce. Defendant's unauthorized use of the mark and the confusion it has caused, plaintiff alleges, has caused plaintiff to suffer substantial harm, including lost sales to plaintiff and wrongfully derived profits to defendant. For example, plaintiff alleges that the Village Farms Marks have lost their ability to serve as unique identifiers of plaintiff's produce as a result of defendant's use of "Village Farm." Additionally, plaintiff claims that defendant has misappropriated plaintiff's valuable goodwill in the marks at issue. Finally, plaintiff alleges that defendant's use of the marks harms plaintiff's reputation because plaintiff is unable to ensure the quality of the fresh produce sold by defendant.

By letter dated March 18, 2020, plaintiff informed defendant of its prior rights in the Village Farms Marks and requested that defendant cease their use and change its business name. By email dated April 17, 2020, defendant informed plaintiff that it was unwilling to change its business name when selling its fresh produce. This action followed.

## II.     Standards of Review

### a. Lack of Subject Matter Jurisdiction Under Rule 12(b)(1)

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) if the court "lacks the statutory or constitutional power to adjudicate it." *Storms v. United States*, 2015 WL 1196592, at *4 (E.D.N.Y. Mar. 16, 2015) (citing *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)). The Second Circuit has recognized that there are two types of 12(b)(1) motions, which carry distinct evidentiary burdens: facial motions and fact-

based motions.  *See Carter v. HealthPort Technologies, LLC*, 822 F.3d 47, 56–57 (2d Cir. 2016); *see also Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 119 (2d Cir. 2017).

A facial Rule 12(b)(1) motion is "based solely on the allegations of the complaint or the complaint and exhibits attached to it."  *Carter*, 822 F.3d at 56.  A plaintiff opposing such a motion bears "no evidentiary burden," and the court's role is to "determine whether [the complaint and its exhibits] allege[ ] facts that" establish subject matter jurisdiction.  *Id.* (*quoting Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (per curiam)).  On a facial Rule 12(b)(1) motion, a court must accept the complaint's allegations as true "and draw[ ] all reasonable inferences in favor of the plaintiff."  *Id.* at 57 (internal quotation marks and citation omitted).

"Alternatively, a defendant is permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the complaint and its exhibits" to challenge the factual allegations underlying the plaintiff's assertion of subject matter jurisdiction.  *Id.*  "In opposition to such a motion, [a plaintiff] must come forward with evidence of [its] own to controvert that presented by the defendant, or may instead rely on the allegations in [its p]leading if the evidence proffered by the defendant is immaterial because it does not contradict plausible allegations that are themselves sufficient to show standing."  *Katz*, 872 F.3d at 119 (internal citations and quotations omitted).

### b.  Failure to State a Claim Under Rule 12(b)(6)

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable

4

inference that the defendant is liable for the misconduct alleged." *Id*. The court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in the plaintiff's favor. *Swiatkowski v. Citibank*, 446 F. App'x 360, 360–61 (2d Cir. 2011).

## III.   Discussion

### a.  Plaintiff Has Standing to Sue

Plaintiff sues under 15 U.S.C. § 1114(1) of the Lanham Act, which protects registered trademarks. This section allows lawsuits against any person who "use[s] in commerce any . . . imitation of a registered mark [. . . if ] such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1)(a). Federal courts have original jurisdiction over federal trademark infringement and unfair competition claims pursuant to 28 U.S.C. §§ 1331 and 1338. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1338. Additionally, 15 U.S.C. § 1121(a) expressly provides that "[t]he district and territorial courts of the United States shall have original jurisdiction . . . of all actions arising under this chapter, without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties."

To establish standing with regard to a trademark infringement claim, such as the one at issue here, a plaintiff must allege that it is the registrant of the relevant trademark, *Rosenshine v. A. Meshi Cosmetics Indus. Ltd.*, 2020 WL 1914648, at *6 (E.D.N.Y. Mar. 30, 2020), and that plaintiff's interests must "fall within the zone of interests protected by the law invoked," *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129 (2014) (*quoting Allen v. Wright*, 468 U.S. 737, 751 (1984)).

Defendant raises a facial challenge to plaintiff's standing under the Lanham Act, and I must therefore accept the complaint's allegations as true and draw all reasonable inferences in favor of plaintiff. *See Carter*, 822 F.3d at 57. Specifically, defendant argues that plaintiff's

5

allegations fail to establish a particularized injury as a result of the claimed Lanham Act violation and that plaintiff "has not provided any showing in the Complaint that Defendant has engaged in any of the practices required to aver [sic] standing on the Plaintiff." Br. at 18.

"There can be no dispute that this Court has subject matter jurisdiction over any and all claims brought under the Lanham Act. The issue, rather, is whether the conduct alleged gives rise to a cause of action under the Lanham Act." *Aerogroup Int'l, Inc. v. Marlboro Footworks, Ltd.*, 955 F. Supp. 220, 222 (S.D.N.Y. 1997), *aff'd*, 152 F.3d 948 (Fed. Cir. 1998) (citing *Fogel v. Chestnutt*, 668 F.2d 100, 105–07 (2d Cir. 1981) (discussing the distinction between dismissal for lack of subject matter jurisdiction and dismissal for failure to state a claim), *cert. denied*, 459 U.S. 828 (1982)). Here, plaintiff has alleged that it is the registrant of the relevant trademarks, and the complaint alleges that it has suffered injury to its business, reputation, and goodwill because of consumer confusion resulting from defendant's unauthorized use of the trademark. Plaintiff also alleges that it is defendant's commercial competitor, and that its interests fall within the zone of interests protected by the Lanham Act. No more is required. I therefore find that plaintiff's "assertion of a claim for infringement and prayer for remedies expressly granted by the Lanham Act is sufficient to confer subject matter jurisdiction upon this Court." *Ryan v. Volpone Stamp Co.*, 107 F. Supp. 2d 369, 377 (S.D.N.Y. 2000).

Defendant's motion to dismiss based on a lack of standing pursuant to Rule 12(b)(1) is denied, as is defendant's motion to dismiss for a lack of subject matter jurisdiction premised on the lack of standing argument.

### b. Plaintiff Has Sufficiently Alleged a Lanham Act Claim

Defendant also moves to dismiss the complaint pursuant to Rule 12(b)(6), arguing that plaintiff has not presented sufficient evidence, such as a survey of its consumers, to show that a

likelihood of confusion is present, as required by the Lanham Act. "Due to the nature of the standard, a motion to dismiss will be granted for failure to plead likelihood of confusion only if no reasonable factfinder could find a likelihood of confusion on any set of facts that plaintiff could prove." *Scotch & Soda B.V. v. Scotch & Iron LLC*, 2018 WL 2224997, at *3 (S.D.N.Y. May 15, 2018) (internal quotation marks and citation omitted). Such is not the case here, where the complaint alleges that both parties sell produce that reaches the same consumers and their marks both contain the phrase "Village Farm."

Tellingly, defendant supports its argument exclusively with decisions related to Rule 56 summary judgment motions, bench trials, and preliminary injunctions, which engage in a weighing of the evidence presented. The calculus at these stages of litigation is distinct from that required for a motion to dismiss. Indeed, "[l]ikelihood of confusion is a fact-intensive analysis that ordinarily does not lend itself to a motion to dismiss." *Van Praag v. Gratton*, 993 F. Supp. 2d 293, 303 (E.D.N.Y. 2014) (citations omitted).

Defendant's motion to dismiss for failure to state a claim on the basis that plaintiff has failed to sufficiently allege a likelihood of confusion of the marks in question is denied.

    c. **Consideration of Defendant's Equitable Estoppel and Laches Defenses Is Premature**

Defendant also moves for dismissal based on the affirmative defenses of laches and equitable estoppel. It argues that, based on the parties' claimed ten-year relationship, plaintiff's belated action for trademark infringement unfairly prejudiced it. Because plaintiff waited so long to assert its rights, defendant argues, it has waived its claims.

A complaint may be dismissed for failure to state a claim pursuant to Rule 12(b)(6) when a successful affirmative "defense appears on the face of the complaint." *Off. Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 (2d Cir.

2003) (*quoting Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998)).  To succeed on the defense of equitable estoppel, a trademark defendant must establish three elements: (1) plaintiff's misleading communication, with plaintiff's knowledge of the true facts, prompted the defendant to infer that the plaintiff would not enforce its rights against the defendant; (2) the defendant relied on that conduct; and (3) the defendant would be prejudiced if the plaintiff were allowed to bring suit.  *Emmpresa Cubana Del Tabaco v. Culbro Corp.*, 213 F. Supp. 2d 247, 276 (S.D.N.Y. 2002).  Relatedly, the doctrine of laches in the trademark context requires a defendant to "establish that (1) the plaintiff had knowledge of the defendant's use of its marks; (2) the plaintiff inexcusably delayed taking action against the defendant; and (3) the defendant will be prejudiced by permitting plaintiff[] to assert its rights now."  *Societe Des Bains De Mer Et Du Cercle Des Etrangers a Monaco v. MGM Mirage*, 2008 WL 4974800, at *5 (S.D.N.Y. Nov. 24, 2008).

  Defendant argues that plaintiff's delay of more than ten years before asserting its rights significantly prejudiced it because, during that time, defendant developed its business and reputation around the mark that it promoted.  Defendant is unable to rely on these facts, however, because, on a motion to dismiss, I am required to accept the pleadings of the plaintiff.  Here, defendant recognizes that the complaint does not include the fact that plaintiff and defendant engaged in a commercial relationship for ten years prior to the initiation of the present lawsuit.  Further, the complaint contains no information regarding defendant's claim of prejudice.

  The motion to dismiss based on theories of equitable estoppel and laches, not yet pleaded or proven, is denied.

## IV.  Conclusion

Defendant's motion to dismiss is denied.  Defendant shall answer the complaint by April 22, 2022.

**SO ORDERED.**

_____/s/_____
**NINA GERSHON**
**United States District Judge**

April 1, 2022
Brooklyn, New York